IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **AMOS JAMES SINGLETON,** | : | |
| *Plaintiff*, | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| **LIUTENANT ROBINSON et al.,** | : | No.  14-2382 |
| *Defendants*. | : | |

PRATTER, J.                                                                                                            OCTOBER 6, 2015

## MEMORANDUM

**I.     INTRODUCTION**

Amos James Singleton sues Lieutenant Robinson, Wendy Shaylor, and John Doe No. 1[1] under 42 U.S.C. § 1983.  In Count I, he alleges that Lieutenant Robinson and John Doe No. 1 violated his right to access the courts under the First Amendment of the United States Constitution by destroying certain irreplaceable documents related to his criminal and post-conviction proceedings.  In Count II, he alleges that Ms. Shaylor transferred Mr. Singleton in retaliation for his filing a grievance based on the destruction of his legal papers, thereby violating Mr. Singleton's rights under the First Amendment of the United States Constitution.  Lieutenant Robinson and Ms. Shaylor move to dismiss the Second Amended Complaint.

The parties presented oral argument on September 21, 2015.  As explained during the oral argument, the Court will hold the Defendants' Motion to Dismiss as to Count I in abeyance while the parties attempt to acquire a copy of the ATF trace report that was allegedly destroyed in order to determine the pertinence, if any, of that document.  Therefore, this Memorandum

---

[1] Mr. Singleton has filed a Motion for Leave to File a Third Amended Complaint.  In the proposed Third Amended Complaint, Mr. Singleton names Defendants Corrections Officer Gary Overdorf and Sgt. Thomas Coghlan in place of John Doe No. 1.  As the proposed substitution pertains only to Count I, and because the Court will hold the Motion to Dismiss as to Count I in abeyance, the Court will also hold Mr. Singleton's Motion for Leave to File a Third Amended Complaint in abeyance.

addresses only Count II. The Court grants Defendants' Motion to Dismiss as to Count II because the Second Amended Complaint fails to allege a plausible claim for retaliation.

## II. ALLEGATIONS IN THE SECOND AMENDED COMPLAINT[2]

Mr. Singleton was arrested in November 2012 on suspicion of participating in a bank robbery. He later was charged in the Philadelphia County Court of Common Pleas and pleaded guilty to crimes related to the alleged bank robbery (the "State Case"). Based on the alleged discovery of a handgun in a common area of Mr. Singleton's apartment building at the time of his arrest, he was also charged federally with a separate robbery and other crimes (the "Federal Case"). Mr. Singleton was convicted by a jury in the Federal Case.

During the course of his State and Federal Cases, Mr. Singleton was housed at the Federal Detention Center ("FDC") in Philadelphia. After pleading guilty in the State Case and being convicted in the Federal Case, but before his sentencing in the Federal Case, Mr. Singleton prepared a Post-Conviction Relief Act ("PCRA") petition, attacking his conviction and sentence from the State Case on the grounds that the prosecution withheld evidence and that Mr. Singleton's counsel rendered him ineffective assistance.

Mr. Singleton's work on his PCRA petition included "preparing notes containing his strategy, mental impressions, theories and other work product; generating highlighting and adding his notes and thoughts to briefs, motions, trial exhibits, and other documents related to the State Case and Federal Case; [and] obtaining documents and information from third parties that were not part of the record or obtained by his counsel in the Federal Case or State Case." (Second Am. Compl. ¶ 22). These materials are collectively referred to as the "Legal File."

---

[2] When ruling on a motion to dismiss, the Court "must accept as true all of the factual allegations contained in the complaint." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 509 n.1 (2002).

When Mr. Singleton was transferred on August 15, 2013 from the FDC to SCI Graterford in Schwenksville, Pennsylvania, he was ordered to present his personal property, including his Legal File, for inspection. SCI Graterford personnel, including Lieutenant Robinson and John Doe No. 1, inspected Mr. Singleton's belongings and, according to Mr. Singleton, began to throw portions of his Legal File and other personal property in the trash. Mr. Singleton immediately informed them that the bag contained his Legal File and materials relating to his pending cases, but they ignored Mr. Singleton and destroyed Mr. Singleton's Legal File.

Mr. Singleton attempted to obtain relief for the destruction of his Legal File through the Department of Corrections grievance process. On September 22, 2013, Mr. Singleton filed a grievance with Wendy Shaylor, the SCI Graterford Grievance Coordinator. Department of Corrections Policy ADM-804 gives every inmate access to a formal procedure to seek resolution of issues that arise during the course of his or her confinement, and prohibits "the transfer of an inmate until the grievance procedure has been completed, including the appeal process." (Second Am. Compl. ¶ 46). Mr. Singleton alleges that after receiving the grievance, Ms. Shaylor "sought information from defendant Robinson and other DOC employees related to Mr. Singleton's grievance." (Second Am. Compl. ¶ 61). On October 15, 2013—one day before the October 16, 2013 deadline by which Ms. Shaylor was to respond to Mr. Singleton's grievance—Mr. Singleton was transferred from SCI Graterford to SCI Benner Township. Mr. Singleton alleges that the transfer put him "over 150 miles further away from his family, friends and counsel appointed to assist [him] in preparing his amended PCRA petition, impairing his ability to obtain family and legal visitors." (Second Am. Compl. ¶ 49). Ms. Shaylor never responded to Mr. Singleton's grievance.

On October 18, 2013, after Mr. Singleton was transferred to SCI Benner Township, he appealed his grievance to the Deputy Superintendent for Facility Management. His appeal allegedly went unanswered. Mr. Singleton filed another appeal on November 6, 2013, but never received a response.

### III. LEGAL STANDARD

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of a complaint. Although Federal Rule of Civil Procedure 8 requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations and internal quotation marks omitted) (alteration in original), the plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* (citation omitted).

To survive a motion to dismiss, the plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Specifically, "[f]actual allegations must be enough to raise a right to relief above the speculative level . . . ." *Twombly*, 550 U.S. at 555 (citations omitted). The question is not whether the claimant will ultimately prevail, but whether the complaint is "sufficient to cross the federal court's threshold." *Skinner v. Switzer*, 131 S. Ct. 1289, 1296 (2011). An assessment of the sufficiency of a complaint is thus "a context-dependent exercise" because "[s]ome claims require more factual explication than others to state a plausible claim for relief." *W. Penn Allegheny Health Sys., Inc. v. UPMC*, 617 F.3d 85, 98 (3d Cir. 2010) (citations omitted).

When deciding a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the Court may look only to the facts alleged in the complaint and its attachments. *See Jordan v. Fox, Rothschild, O'Brien & Frankel*, 20 F.3d 1251, 1261 (3d Cir. 1994). The Court must accept as true all well-pleaded allegations in the complaint and view them in the light most favorable to the plaintiff. *Angelastro v. Prudential-Bache Sec., Inc.*, 764 F.2d 939, 944 (3d Cir. 1985). Likewise, the Court must accept as true all reasonable inferences that may be drawn from the allegations, and view those facts and inferences in the light most favorable to the non-moving party. *See Rocks v. City of Phila.*, 868 F.2d 644, 645 (3d Cir. 1989). Nonetheless, the Court need not accept as true "unsupported conclusions and unwarranted inferences," *Doug Grant, Inc. v. Greate Bay Casino Corp.*, 232 F.3d 173, 183-84 (3d Cir. 2000) (citations and internal quotation marks omitted), or the plaintiff's "bald assertions" or "legal conclusions," *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997) (citations and internal quotation marks omitted).

### IV. DISCUSSION

"To determine the sufficiency of a complaint under the pleading regime established by [*Iqbal* and *Twombly*], a court must take three steps: First, the court must tak[e] note of the elements a plaintiff must plead to state a claim. Second, the court should identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth. Finally, where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief." *Santiago v. Warminster Twp.*, 629 F.3d 121, 130 (3d Cir. 2010).

Viewing the allegations in Count II of the Second Amended Complaint in the light most favorable to Mr. Singleton, Count II alleges that Ms. Shaylor transferred Mr. Singleton and

5

refused to respond to his grievance in retaliation for his filing of the grievance. This, Mr. Singleton alleges, violated his rights under the First Amendment.

To state a claim for retaliation, a prisoner-plaintiff must allege (1) that the conduct which led to the alleged retaliation was constitutionally protected, (2) that he suffered some adverse action at the hands of the prison officials, and (3) that there exists a causal link between the exercise of his constitutional rights and the adverse action taken against him. *See Rauser v. Horn*, 241 F.3d 330, 333-34 (3d Cir. 2001).

In support of Count II, Mr. Singleton alleges that (1) he filed a grievance with Ms. Shaylor on September 22, 2013, (2) Ms. Shaylor sought information from Defendant Robinson and other DOC employees related to Mr. Singleton's grievance, (3) Mr. Singleton was transferred the day before Ms. Shaylor was supposed to respond to his grievance, violating Department of Corrections Policy ADM-804, (4) he filed two appeals of his grievance which went unanswered, (5) Ms. Shaylor never responded to his grievance, (6) Ms. Shaylor transferred him due to his exercising of his First Amendment right to file a grievance, (7) Ms. Shaylors's conduct was intended to deter Mr. Singleton and others from filing grievances, and (8) the transfer put him over 150 miles further away from his family, friends and counsel, impairing his ability to receive family and legal visitors. The allegations that Ms. Shaylor transferred Mr. Singleton *due to his exercising his First Amendment right to file a grievance* and that Ms. Shaylor's conduct was *intended to deter Mr. Singleton and others from filing grievances* are not entitled to the assumption of truth because they are conclusory. *See Iqbal*, 556 U.S. at 680-81 (holding that a bald allegation that the defendants' actions were motivated by discriminatory animus is not entitled to the assumption of truth). All the other allegations are non-conclusory and therefore entitled to the assumption of truth.

6

Defendants do not dispute that the filing of a grievance is a protected activity. Similarly, Defendants do not argue that the Second Amended Complaint does not plausibly allege that Mr. Singleton's transfer was an adverse action.[3] Thus, Mr. Singleton's retaliation claim depends on whether he has plausibly alleged a causal link between his filing of a grievance and his transfer.

The Court finds that Count II does not state a plausible claim for relief as it fails to plausibly allege that Mr. Singleton's exercising of his First Amendment right *caused* his transfer. To survive a motion to dismiss, the Second Amended Complaint must contain sufficient allegations that the protected activity was "a substantial or motivating factor" in the adverse action. *Rauser*, 241 F.3d at 333. Mr. Singleton does not allege that Ms. Shaylor had any personal connection to Lieutenant Robinson, John Doe No. 1, or the destruction of Mr. Singleton's Legal File. In dismissing Mr. Singleton's Amended Complaint without prejudice, this Court ruled that Mr. Singleton needed to plead additional facts suggesting some relationship between Ms. Shaylor and Lieutenant Robinson that would make it plausible that Ms. Shaylor transferred Mr. Singleton because he filed a grievance against Lieutenant Robinson. The only additional allegation in the Second Amended Complaint regarding this relationship is that Ms. Shaylor "sought information from defendant Robinson and other DOC employees related to Mr. Singleton's grievance." With only this additional allegation, the pleading must still include some other retaliatory connection between Ms. Shaylor and the transfer.

As Defendants rightly argue, Ms. Shaylor's job is to handle grievances, so it is not plausible that she would retaliate against Mr. Singleton simply for filing a grievance. After all,

---

[3] While this Court previously ruled that allegations of a simple transfer did not rise to an adverse action, new allegations in the Second Amended Complaint have plausibly stated that Mr. Singleton's transfer was adverse. In keeping with *DeFranco v. Wolfe*, 387 Fed. Appx. 147, 157 (3d Cir. 2010), the Court finds that Mr. Singleton's transfer was an adverse action, yet Count II of the Second Amended Complaint is dismissed due to a lack of plausible allegations of causation.

7

grievances provide the reason for Ms. Shaylor's job. The additional allegation that Ms. Shaylor sought information related to the grievance is also consistent with Ms. Shaylor simply carrying out her duties as Grievance Coordinator. Although Mr. Singleton argues that the Court may rely on temporal proximity to infer causation, *see Kachmar v. SunGard Data Sys., Inc.*, 109 F.3d 173, 178 (3d Cir. 1997), such proximity must be "unusually suggestive" to satisfy the causation element of a retaliation claim, *see Farrell v. Planters Lifesavers Co.*, 206 F.3d 271, 280 (3d Cir. 2000). This Court previously held that Mr. Singleton's allegation that his transfer occurred just one day before Ms. Shaylor was due to respond to his grievance, without more, was not "unusually suggestive." Nothing alleged in the Second Amended Complaint indicates that the timing of the transfer was "unusually suggestive," as Ms. Shaylor's seeking information regarding the grievance is consistent with her performing her job duties. Because it is not plausible, based on the allegations in the Second Amended Complaint, that the temporal proximity between Mr. Singleton's grievance and his transfer is "unusually suggestive," the Court finds that Mr. Singleton has failed to plead causation adequately.

While Mr. Singleton argues that the record as a whole demonstrates causation, in that his grievance has been ignored at every step through the process, "[t]he mere denial of grievances does not rise to the level of adverse action sufficient to deter a person of ordinary firmness from exercising his constitutional rights." *Burgos v. Canino*, 641 F. Supp. 2d 443, 455 (E.D. Pa. 2009). Moreover, the Second Amended Complaint does not include allegations from which the Court may conclude that it is plausible that Ms. Shaylor failed to respond to Mr. Singleton's grievance *in retaliation for the exercise of his First Amendment rights*. Just as the Supreme Court in *Iqbal* found that the allegations of intentional discrimination were not plausible and therefore could not survive a motion to dismiss, this Court finds that the bare allegations that Ms.

Shaylor refused to respond to Mr. Singleton's grievance in retaliation for the exercise of his constitutional rights are not plausible and cannot survive the motion to dismiss.

## V. CONCLUSION

For the reasons stated above, the Court grants the Defendants' Motion to Dismiss the Second Amended Complaint as to Count II, but holds in abeyance the Defendants' Motion as to Count I for the reason stated previously.

BY THE COURT:

S/Gene E.K. Pratter
GENE E.K. PRATTER
UNITED STATES DISTRICT JUDGE