IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **AMOS JAMES SINGLETON,** | : | |
| *Plaintiff*, | : | **CIVIL ACTION** |
| | : | |
| **v.** | : | |
| | : | |
| **LIEUTENANT ROBINSON et al.,** | : | **No. 14-2382** |
| *Defendants*. | : | |

PRATTER, J.                                                     SEPTEMBER 16, 2016

## MEMORANDUM

### I.   INTRODUCTION

Amos James Singleton sued Lieutenant Robinson and John Doe No. 1[1] pursuant to 42

U.S.C. § 1983.  He alleges that Lieutenant Robinson and John Doe No. 1 violated his First

Amendment right to access the courts by destroying certain irreplaceable documents related to

his criminal and post-conviction proceedings.  Lieutenant Robinson moves to dismiss the claims

against him.

### II.   ALLEGATIONS IN THE SECOND AMENDED COMPLAINT[2]

Mr. Singleton was arrested in November 2010 on suspicion of participating in a bank

robbery.  He later was charged in Philadelphia County (the "State Case").  Based on the alleged

discovery of a handgun in a common area of Mr. Singleton's apartment building at the time of

his arrest, he was charged federally with a separate robbery and other crimes (the "Federal

---

[1]   Mr. Singleton has filed a Motion for Leave to File a Third Amended Complaint.  The proposed Third Amended Complaint makes no substantive changes, simply naming Defendants Corrections Officer Gary Overdorf and Sgt. Thomas Coghlan in place of John Doe No. 1.

[2]   The factual summary is based on the allegations in the Second Amended Complaint, which the Court assumes to be true for purposes of this motion.  *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

Case").[3]  Mr. Singleton was convicted by a jury in the Federal Case on June 22, 2012.  *United States v. Singleton*, No. 11-cr-76 (E.D. Pa.).[4]  He then pleaded guilty in the State Case on January 22, 2013.

During the course of his State and Federal Cases, Mr. Singleton was housed at the Federal Detention Center ("FDC") in Philadelphia.  After being convicted in the Federal Case and pleading guilty in the State Case, but before his sentencing in the Federal Case, Mr. Singleton prepared a Post-Conviction Relief Act ("PCRA") petition, attacking his conviction and sentence from the State Case on the grounds that the prosecution withheld evidence and that Mr. Singleton's counsel provided ineffective assistance.

Mr. Singleton's work on his PCRA petition included "preparing notes containing his strategy, mental impressions, theories and other work product; generating highlighting and adding his notes and thoughts to briefs, motions, trial exhibits, and other documents related to the State Case and Federal Case; [and] obtaining documents and information from third parties that were not part of the record or obtained by his counsel in the Federal Case or State Case."  Second Am. Compl. ¶ 22.  These materials are collectively referred to as the "Legal File."  Mr. Singleton maintained his Legal File at all times while he was housed at the FDC.

When Mr. Singleton was transferred on August 15, 2013 from the FDC to SCI Graterford, he was ordered to present his personal property, including his Legal File, for inspection.  SCI Graterford personnel, including Lieutenant Robinson and John Doe No. 1,

---

[3]  The gun found during the search of Mr. Singleton's apartment building allegedly was registered to the victim of the robbery.  This became the basis for the federal charges against Mr. Singleton.

[4]  The docket from Mr. Singleton's Federal Case is considered a public record, and thus may be considered in deciding Lieutenant Robinson's Motion to Dismiss.  *See S. Cross Overseas Agencies, Inc. v. Wah Kwong Shipping Grp. Ltd.*, 181 F.3d 410, 426 (3d Cir. 1999) ("To resolve a 12(b)(6) motion, a court may properly look at public records, including judicial proceedings, in addition to the allegations in the complaint.").

inspected Mr. Singleton's belongings and, according to Mr. Singleton, began to throw portions of his Legal File and other personal property in the trash.  Mr. Singleton immediately informed them that the bag contained his Legal File and materials relating to his pending Cases, but they allegedly ignored Mr. Singleton and destroyed Mr. Singleton's Legal File.

When the Second Amended Complaint was filed, Mr. Singleton was in the process of amending his PCRA petition, asserting that the "guilty plea in the State Case was unlawfully induced by the prosecutor's failure to disclose key documents and information during discovery and/or entered into unknowingly as a result of his counsel's failure to provide effective assistance by failing to, among other things, obtain and/or share the documents and information." Second Am. Compl. ¶ 26.  Because he was unable to attach the documents from his Legal File to his initial PCRA petition, Mr. Singleton alleges that the destruction of the file has left him unable to fully support his claims.  Specifically, "he is unable to obtain replacement copies of certain documents, such as the ATF Report and his notes and work product."  Second Am. Compl. ¶ 27.

## III.   PROCEDURAL HISTORY

Mr. Singleton's Second Amended Complaint alleges two counts – the access to the courts claim detailed above (Count I) and a second count alleging that prison officials violated the Constitution's First Amendment by retaliating against him for filing a grievance (Count II). Following oral argument on the Defendants' Motion to Dismiss the Second Amended Complaint, the Court issued an Order dismissing Count II with prejudice (Doc. No. 41).  The Court held Count I in abeyance so the parties could acquire a copy of the ATF trace report in order to determine the pertinence, if any, of that document.  The parties then acquired a copy of the ATF Report and submitted the Report to the Court as an attachment to Mr. Singleton's Affidavit.  The Court will consider the Report in connection with the Defendants' Motion

because it is an essential document upon which the Second Amended Complaint explicitly relies.[5]

## IV.   LEGAL STANDARD

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of a complaint.  Although Federal Rule of Civil Procedure 8 requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations and internal quotation marks omitted) (alteration in original), the plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* (citation omitted).

To survive a motion to dismiss, the plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.  Specifically, "[f]actual allegations must be enough to raise a right to relief above the speculative level . . . ." *Twombly*, 550 U.S. at 555 (citations omitted).  The question is not whether the claimant will ultimately prevail, but whether the complaint is "sufficient to cross the federal court's threshold." *Skinner v. Switzer*, 131 S. Ct. 1289, 1296 (2011).

When deciding a Rule 12(b)(6) motion to dismiss, the Court may look only to the facts alleged in the complaint and its attachments. *See Jordan v. Fox, Rothschild, O'Brien & Frankel*, 20 F.3d 1251, 1261 (3d Cir. 1994).  The Court must accept as true all well-pleaded allegations in

---

[5]   While the Court generally may not consider documents extraneous to the pleadings, "an exception to the general rule is that a 'document *integral to or explicitly relied* upon in the complaint' may be considered 'without converting the motion [to dismiss] into one for summary judgment.'" *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997) (quoting *Shaw v. Digital Equip. Corp.*, 82 F.3d 1194, 1220 (1st Cir. 1996)).

the complaint and view them in the light most favorable to the plaintiff. *Angelastro v. Prudential-Bache Sec., Inc.*, 764 F.2d 939, 944 (3d Cir. 1985). Likewise, the Court must accept as true all reasonable inferences that may be drawn from the allegations, and view those facts and inferences in the light most favorable to the non-moving party. *See Rocks v. City of Phila.*, 868 F.2d 644, 645 (3d Cir. 1989).

## V. DISCUSSION

"A prisoner making an access-to-the-courts claim is required to show that the denial of access caused actual injury." *Jackson v. Whalen*, 568 F. App'x 85, 87 (3d Cir. 2014). At the motion-to-dismiss stage, the plaintiff may satisfy the "actual injury" requirement with allegations that the plaintiff lost his or her ability to prosecute "a nonfrivolous, arguable claim" as a result of the defendant's conduct. *Lyons v. Sec'y of Dep't of Corr.*, 445 F. App'x 461, 464 (3d Cir. 2011); *see also Christopher v. Harbury*, 536 U.S. 403, 415 (2002) (citing *Lewis v. Casey*, 518 U.S. 343, 353 & n.3 (1996)). The Supreme Court has suggested that plaintiffs in backward-looking access suits "should state the underlying claim in accordance with Federal Rule of Civil Procedure 8(a), just as if it were being independently pursued . . . ." *Christopher*, 536 U.S. at 417-18.

In support of his claim, Mr. Singleton alleges that (1) he had an active PCRA petition related to the State Case, which is currently being amended, and a forthcoming petition for *habeas corpus*;[6] (2) Lieutenant Robinson and John Doe No. 1 destroyed his Legal File on August 15, 2013; (3) the Legal File contained irreplaceable materials, including the ATF Report, certain investigation reports, search warrants, property receipts, notes, and other work product; and (4)

---

[6] Mr. Singleton's collateral attack on his Federal Case conviction will be brought under 28 U.S.C. § 2255. As such, the Court refers to his forthcoming petition as the "post-conviction petition" or the "petition."

as a result, his opportunity to pursue his claims has been materially hindered.  (*See* SAC ¶¶ 56, 57).

Lieutenant Robinson argues that the allegations within the Second Amended Complaint and Mr. Singleton's subsequent affidavit fail to plausibly support the conclusion that the destruction of Mr. Singleton's Legal File caused the loss of an ability to prosecute a non-frivolous or arguable legal claim.  The Court will address Mr. Singleton's claims as to his PCRA petition related to the State Case and his post-conviction petition related to the Federal Case in turn.

### A.      PCRA Petition

Mr. Singleton's alleged claim in his prospective PCRA petition is that his guilty plea was made unknowingly, due to the ineffective assistance of his counsel in failing to investigate the existence of the documents which eventually came to make up the Legal File.

Lieutenant Robinson argues that because Mr. Singleton pleaded guilty, the only issue that he can challenge is the validity of the plea.  Specifically, he argues that Mr. Singleton must show that the ineffectiveness of his counsel caused the plea to be involuntary or unknowing and that the legal advice was not "within the range of competence demanded of attorneys in criminal cases."  *Commonwealth v. Willis*, 68 A.3d 997, 1002 (Pa. Super. Ct. 2013).  In asserting that Mr. Singleton fails to meet this standard, Lieutenant Robinson argues that the documents Mr. Singleton claims were in the Legal File, and would have affected his decision to plead guilty, were related only to the Federal Case.  Specifically, the ATF Report concerned a .38 Beretta which was evidence in the Federal Case linking Mr. Singleton to the apartment robbery, rather than the bank robbery which was the subject of the State Case.  In regards to the other documents in the file (investigation reports, search warrants, and property receipts), Lieutenant

Robinson cites to the PCRA Petition filed by Mr. Singleton in arguing that the documents relate

to objections to the search that uncovered the .38 Beretta.  Thus, Lieutenant Robinson argues that

Mr. Singleton has not alleged facts from which the Court can conclude that he lost a non-

frivolous claim as a result of the destruction of his Legal File.

  As to the State Case, Mr. Singleton alleges that either the prosecutor withheld or his

counsel failed to uncover/share with Mr. Singleton "key documents and information during

discovery."  Second Am. Compl. ¶ 26.  Mr. Singleton argues that his guilty plea was made

unknowingly because he did not have access to, and had not seen, "the ATF Report,

investigation reports, search warrants, and property receipts that allegedly established police

misconduct and improprieties surrounding his arrest."  Pl.'s Br. at 9.  Consequently, he argues

that his counsel was ineffective in failing to acquire those documents.  He further claims that,

had he been aware of the documents, he would not have entered a guilty plea.  In responding to

Lieutenant Robinson's argument that the alleged documents concern only the Federal Case and

not the State Case, Mr. Singleton argues that, while the alleged discovery of the .38 Beretta has

no connection to the State Case, the documents in his Legal File were related to police

misconduct associated with his arrest, thus implicating the State Case as well.  Finally, Mr.

Singleton concludes that, because these documents have been destroyed, he has lost the ability to

demonstrate in his amended PCRA Petition that a competent criminal defense attorney would

have obtained and disclosed these documents to Mr. Singleton before advising him to enter a

guilty plea.

  The allegations in the Second Amended Complaint and subsequent affidavit filed by Mr.

Singleton fail to establish a plausible loss of a non-frivolous claim associated with Mr.

Singleton's prospective PCRA petition.  As an initial matter, the allegation in the Second

Amended Complaint that the documents from the Legal File that were either improperly

withheld by the prosecutor or not discovered by Mr. Singleton's counsel were "key documents"

is conclusory and fails to provide sufficient detail to allow the Court to determine whether it is

plausible that Mr. Singleton's guilty plea was made unknowingly.  However, even if the Second

Amended Complaint contained the allegations asserted in Mr. Singleton's brief – that the

documents "established police misconduct and improprieties surrounding his arrest," – the

Second Amended Complaint would still fail to plausibly allege that, as a result of conduct

undertaken by the Defendants, Mr. Singleton lost a non-frivolous claim as to his prospective

PCRA petition.

Mr. Singleton has failed to plausibly link any of the documents alleged to have been part

of his Legal File to any issue of consequence in the State Case.  The only alleged connection

between the documents and Mr. Singleton's State Case is that they are said to implicate issues

with his arrest.  There are no allegations that the documents were related to any evidence

supporting the substantive charges against Mr. Singleton in the State Case.  Even if the

documents could have indisputably established that the arrest was unlawful, Mr. Singleton has

failed to allege how that fact would plausibly affect his decision to plead guilty in such a way as

to now call into question his conviction.  *See United States v. Crews*, 445 U.S. 463, 474 (1980)

(stating that, "[a]n illegal arrest, without more, has never been viewed as a bar to subsequent

prosecution, nor as a defense to a valid conviction"); *Com. v. Carter*, 537 Pa. 233, 248, 643 A.2d

61, 68 (1994) (concluding that because "there was no evidence introduced at trial that was

obtained as a result of the illegal arrest," the defendant "is not entitled to any relief").  Indeed,

the unlawful arrest of a criminal defendant alone "cannot deprive the Government of the

opportunity to prove his guilt through the introduction of evidence wholly untainted by the police

misconduct." *Crews*, 445 U.S. at 474.  The evidence that was allegedly tainted by police misconduct in this case relates only to the Federal Case.  Mr. Singleton has not pled that any evidence supporting the charges against him in the State Case were obtained as fruits of the allegedly illegal arrest.  Therefore, even if Mr. Singleton had not seen the documents that were part of his Legal File prior to his guilty plea, he has still failed to plausibly plead that his guilty plea was involuntary or unknowing.  Consequently, as to the prospective PCRA petition in the State Case, Mr. Singleton has failed to plausibly allege that the Defendants' conduct in this case caused him to lose a non-frivolous claim.

> **B.**     **Federal Case Claims**

In the Second Amended Complaint, Mr. Singleton alleges that his forthcoming post-conviction petition was materially hindered by the destruction of his Legal File, as the Legal File contained evidence suggesting that his conviction in the Federal Case was the result of falsified evidence.  "Specifically, the ATF Report contradicted Pennsylvania State Police firearm records that were introduced into evidence during the Federal Case."  Second Am. Compl. ¶ 29.

Defendants argue that Mr. Singleton has failed to plead facts from which the Court may infer that the destruction of his Legal File has led to the lost ability to pursue a non-frivolous petition.  Under 28 U.S.C. § 2255, Mr. Singleton may collaterally challenge his conviction, however relief is only available when "the claimed error of law was a fundamental defect which inherently results in a complete miscarriage of justice, and . . . present[s] exceptional circumstances where the need for the remedy afforded by the writ . . . is apparent."  *Davis v. United States*, 417 U.S. 333, 346 (1974).  Defendants argue that issues resolved on direct appeal or able to be resolved on direct appeal may not be reviewed again on collateral attack, *United States v. DeRewal*, 10 F.3d 100, 105 n.4 (3d Cir. 1993), and that Mr. Singleton still had full

access to his Legal File throughout the time when his post-trial motions were pending and decided.

Defendants then argue that Mr. Singleton cannot possibly show the requisite prejudice for his ineffective assistance of counsel claim. They argue that, even if the ATF Report and other documents in Mr. Singleton's Legal File demonstrate that the .38 Beretta found at his apartment was not the .38 Beretta taken from the scene of the robbery, and even if his trial counsel failed to fully investigate the .38 Beretta's records and its provenance, it is still implausible that the outcome of the trial would have been different. In support, they point to the victim's positive identification of Mr. Singleton as the man who robbed her and shot her in the face, as well as phone records documenting several calls on the day of the robbery which tied Mr. Singleton to his co-conspirator (the inside man who facilitated the crime). Finally, Defendants point out that all of Mr. Singleton's arguments relating to any improprieties in the search which uncovered the .38 Beretta have been heard and denied by both the trial court and the Third Circuit Court of Appeals.

In response to Defendants' Motion, Mr. Singleton argues that the assumptions made by Defendants regarding the sufficiency of the evidence aside from the .38 Beretta are not entitled to deference and that those arguments are premature. Furthermore, he argues that it cannot be inferred from the pleadings that his trial counsel had access to the Legal File throughout the trial and time during which the post-trial motions were pending. However, the Second Amended Complaint states, "Mr. Singleton maintained the Legal File at all times while he was at FDC Philadelphia." Second Am. Compl. ¶ 30. Therefore, based on a plain reading of the Second Amended Complaint, Mr. Singleton was in possession of his Legal File while his post-trial motions were pending. Nevertheless, Mr. Singleton argues that there is nothing in the record

before the Court suggesting that the ATF Report was considered in any of the prior proceedings in his case.

Mr. Singleton has failed to establish an "actual injury" with regard to his forthcoming petition. *See Jackson*, 568 F. App'x at 87.  Even taking the facts alleged in the Second Amended Complaint as true, as the Court must on this Motion to Dismiss, the Second Amended Complaint does not establish that Mr. Singleton's federal conviction was a "complete miscarriage of justice." *See  Davis*, 417 U.S. at 346.

First, with regard to the destruction of Mr. Singleton's Legal File, the ATF Report appended to Mr. Singleton's affidavit contradicts the allegation in the Second Amended Complaint that "the ATF Report contradicted Pennsylvania State Police firearm records that were introduced into evidence during the Federal Case." Second Am. Compl. ¶ 29.  Rather, the ATF Report links the gun recovered at the crime to the victim, which is supportive of the prosecution's theory of the crime in the Federal Case.  *See United States v. Singleton*, 565 F. App'x 108, 112 (3d Cir. 2014).  However, even if the Court were to accept Mr. Singleton's argument that the ATF Report provided to him was falsified, the end result would not change. The Second Amended Complaint does nothing to dispute or call into question either (i) the victim's eyewitness testimony identifying Mr. Singleton as the perpetrator of the crime or (ii) the phone records showing that Mr. Singleton was in contact with his co-conspirator on the day of the crime.  Thus, Mr. Singleton's allegations regarding the destruction of his Legal File do not plausibly make out an "actual injury" to his forthcoming petition.  *Accord Zimmerman v. Sherman*, No. 04-667, 2005 WL 950609, at *4 (E.D. Pa. Apr. 22, 2005) ("To violate a prisoner's constitutional right of access to the courts, the confiscation of his legal materials must result in material prejudice." (citing *Sheehan v. Boyer*, 51 F.3d 1170, 1173 n.3 (3d Cir. 1995))).

Second, with regard to Mr. Singleton's claim that his counsel provided ineffective assistance, the Second Amended Complaint fails to establish that, even if Mr. Singleton's counsel was ineffective, there was a substantial likelihood of a different result.  In order to make out an ineffective assistance of counsel claim, Mr. Singleton must meet the familiar two-part inquiry outlined in *Strickland v. Washington*, pursuant to which Mr. Singleton must demonstrate (1) "that counsel's performance was deficient" and (2) "that the deficient performance prejudiced the defense."  466 U.S. 668, 687 (1984).  In order to demonstrate prejudice, Mr. Singleton must demonstrate a "substantial, not just conceivable, likelihood of a different result."  *United States v. Parker*, 621 F. App'x 109, 111 (3d Cir. 2015) (citing *Cullen v. Pinholster*, 563 U.S. 170, 189 (2011).  Mr. Singleton's ineffective assistance of counsel argument is premised on his trial counsel's failure to fully investigate the records relating to the .38 Beretta.  Trial counsel's alleged failure to investigate exculpatory evidence could amount to constitutionally defective representation.  *United States v. Travillion*, 759 F.3d 281, 294 n.23 (3d Cir. 2014).  However, the Court need not reach this issue because, for the reasons described above, Mr. Singleton has failed to establish facts to show that there was a "substantial likelihood of a different result" but for trial counsel's alleged errors.  Thus, Mr. Singleton's allegations regarding ineffective assistance of counsel do not plausibly make out an "actual injury" to his forthcoming petition.

Consequently, the Second Amended Complaint fails to show how Mr. Singleton has lost a non-frivolous claim associated with the forthcoming petition.

**VI.   CONCLUSION**

For the reasons outlined above, the Court grants Defendants' Motion to Dismiss as to Count I of the Second Amended Complaint.[7]

*          *          *

An appropriate Order follows.

BY THE COURT:

S/Gene E.K. Pratter
GENE E.K. PRATTER
UNITED STATES DISTRICT JUDGE

---

[7] If the Court permits Mr. Singleton to file a Third Amended Complaint, this decision will apply to the Third Amended Complaint as well.