**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **AMOS JAMES SINGLETON,** | : | |
| *Plaintiff*, | : | **CIVIL ACTION** |
| | : | |
| v. | : | |
| | : | |
| **LIEUTENANT ROBINSON et al.,** | : | **No. 14-2382** |
| *Defendants*. | : | |

PRATTER, J.                                                          SEPTEMBER 16, 2016

## MEMORANDUM

### I.    INTRODUCTION

Pending before the Court is Plaintiff Amos James Singleton's unopposed Motion for Leave to File a Third Amended Complaint (Doc. No. 37).

### II.    BACKGROUND AND PROCEDURAL HISTORY

For a full recitation of the facts and procedural history in this case, the parties are referred to the Court's September 16, 2016 Opinion (Doc. No. 49).

### III.    LEGAL STANDARD

After a responsive pleading has been filed and served, leave of court is required to amend a pleading. Fed. R. Civ. P. 15(a).  Grant of leave to amend is within the discretion of the district court.  See *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321, 330 (1971).  Leave to amend a pleading "shall be freely given when justice so requires."  Fed. R. Civ. P. 15(a).  A court may, however, deny a plaintiff leave to amend "based on bad faith or dilatory motives, truly undue or unexplained delay, repeated failures to cure the deficiency by amendments previously allowed, or futility of amendment."  *USX Corp. v. Barnhart*, 395 F.3d 161, 166 (3d Cir. 2004).  "Futility is analyzed under the same standard of legal sufficiency as a motion to dismiss under Fed. R. Civ. P. 12(b)(6).  In other words, leave to amend should not be denied

based on futility unless the proposed amended complaint would fail to state a claim upon which relief can be granted." *SmithKline Beecham Corp. v. Geneva Pharma., Inc.*, 287 F. Supp. 2d 576, 581 (E.D. Pa. 2002).

## IV.   DISCUSSION

Mr. Singleton's proposed Third Amended Complaint makes no substantive changes to the Second Amended Complaint, simply naming Defendants Corrections Officer Gary Overdorf and Sgt. Thomas Coghlan in place of John Doe No. 1.  The factual allegations pertaining to Corrections Officer Overdorf and Sgt. Coghlan contained in the proposed Third Amended Complaint are the same in all respects to the factual allegations contained in the Second Amended Complaint with respect to Lieutenant Robinson and John Doe No. 1.  As the proposed Third Amended Complaint does not, in any way, change the substantive allegations contained in the Second Amended Complaint, which the Court recently dismissed with prejudice for failure to state a claim (Doc. No. 50), the Court concludes that the proposed amendment would be futile. *See Citizens Bank of Pa. v. Reimbursement Techs., Inc.*, No. 12-1169, 2014 WL 2738220, at*9-10 (E.D. Pa June 17, 2014).

Mr. Singleton argues that his proposed amendment is not futile because the joinder of the new defendants "relates back to the filing of Mr. Singleton's" original complaint.  Pl. Br. at 6 (Doc. No. 37).  However, even if Mr. Singleton's proposed Third Amended Complaint does meet the requirements of Federal Rule of Civil Procedure 15(c) and does relate back to the time Mr. Singleton filed his initial complaint, the proposed amendment does nothing to alter the fact that both the Second Amended Complaint and proposed Third Amended Complaint fail to establish a plausible claim for which relief can be granted.

2

**V.**   **CONCLUSION**

For the reasons outlined above, the Court denies Plaintiff's Motion for Leave to File a

Third Amended Complaint.

*        *        *

An appropriate Order follows.

BY THE COURT:


<u>S/Gene E.K. Pratter</u>
GENE E.K. PRATTER
UNITED STATES DISTRICT JUDGE
